INZER, Presiding Justice
(dissenting):
I am compelled to dissent when this Court establishes precedent that, in my opinion, is not only wrong, but also invites unnecessary litigation. The holding in this case opens the door for needless litigation because any person feeling aggrieved at something said by the circuit judge in charging the grand jury may file a petition to have the remarks expunged, although such person was not indicted by the grand jury. After a diligent search I have been unable to find any case ever decided by any appellate court which holds that a judge’s charge to the grand jury is subject to review where the person complaining was not indicted by the grand jury. It is only when a person has been indicted by the grand jury that he can complain of a prejudicial charge and that is done by a motion to quash. In Blau v. State, 82 Miss. 514, 34 So. 153 (1903), and Fuller v. State, 85 Miss. 199, 37 So. 749 (1905), cited and relied on in the majority opinion, are cases involving motions to quash indictments returned by the grand jury. In Fuller, this Court stated:
The circuit judge is vested with power to specifically call the attention of grand jurors to all statutes which the public interest may require shall be brought to the consideration of the grand jury. This grant of power carries with it the authority to decide what class of offenses the public interest demands shall receive special attention by the grand jury. And in deciding this the circuit judge must necessarily be guided, to a great extent, by his knowledge of the social conditions as they exist in each county at the time when the grand jury is impaneled therein. Those statutes which may be most flagrantly and openly violated in one county of his judicial district may be strictly observed in another, and the same offense which is conspicuous for its presence in some communities may be equally as conspicuous for its absence in others. It would be folly to hold that a circuit judge should not be permitted to charge the grand jury in reference to a particular class of crimes, for the reason that such charge might have the effect of directing the attention of the grand jury to the individuals who are guilty of the crimes. In truth, this is the object at *95 which the charge to the grand jury Is aimed, the purpose which it hopes to effect. The circuit judge being a conservator of the peace, and, in the discharge of his duty, having the peace and quiet of the entire district much at heart, being well advised as to the conditions existing in every locality within his district, his charge to the grand jury is intended to direct their deliberations into the channel which will result in the greatest good to the people of the entire county where the grand jury is impaneled. (Emphasis added).
(85 Miss. at 203, 204, 37 So. at 750).
It is only when an utterance in the charge by the circuit judge is prejudicial to a person indicted will an appellate court review the charge. In Blau, supra, this Court found from the facts of that case that the trial judge coerced the grand jury to indict Blau, but stated that the Court will not undertake to control the discretion of the court in charging the grand jury unless that discretion has been manifestly abused.
The Alabama Court in Carr v. State, 28 Ala.App. 466, 187 So. 252 (1939), stated the rule as follows:
In charging a Grand Jury a very large discretion must be left to the trial judge, and it is within his prerogative to call attention to any unusual state, or condition, affecting the general welfare in the County, where the Grand Jury is charged with the investigation of all violations of the criminal law.
The Grand Jury is the inquisitorial body of the County, drawn and summoned from among its best citizens, who, under the direction of the Presiding Judge, must make investigations of all violations of law, making presentments in accordance with such investigation to the court.
A very large discretion is conferred upon the Presiding Judge in respect to these things, and no appellate court will undertake to control it, unless such instructions refer directly to the crime being charged in the indictment and then on trial. Blau v. State, 82 Miss. 514, 34 So. 153. (Emphasis added) (187 So. at 253).
See also, Bethel v. State, 162 Ark. 76, 257 S.W. 740 (1924).
Since the majority in effect holds that the circuit judge was guilty of manifest abuse of his discretion in making the supplemental grand jury charge, it is proper that his opinion in overruling the petition to expunge be considered. It states in part as follows:
It is the petitioners’ position that the Court acted wrongfully or illegally in giving the portion of the grand jury charge objected to in the Amended Petition. In order to make a complete record of the Court’s actions, a copy of the Court’s initial charge delivered on April 14, 1975, will be attached to these written findings as Exhibit “A”.
A certified Copy of the Court’s supplemental charge delivered to the Grand Jury on April 29, 1975, will also be attached to these findings as Exhibit “B”.
The first paragraph of the Court’s supplemental charge which was objected to by the Petitioners, reads as follows:
Certain citizens who appeared before you have been informed by you that the matters which they requested be investigated would be delayed to a later grand jury. The citizens have informed this Court that the matters they wished investigated have been delayed presentation before a number of grand juries. These citizens have now requested the aid of the Court in having these matters presented to the grand jury. The Court, therefore, instructs you that you are bound by your oath to investigate these matters if it reasonably appears you can do so. In so instructing you, the Court is simply reminding you of your duty to investigate without delay those matters brought before you. This Court by so doing expresses no opinion or position as to what disposition you should make of the matters you investigate. You should make your decision on the facts *96 and evidence as they are presented to you.
The facts dictating that portion of the charge by the Court were as follows: The Court was informed by an agent of the Mississippi Coast Crime Commission that repeated requests had been made to the District Attorney’s office to investigate certain alleged crimes. The requests had been repeatedly made in writing to Mr. Albert Necaise with no written response being received. Oral responses were made, which indicated that an investigation would be made. The Court was also informed that Albert Necaise, prior to becoming District Attorney, had represented in Federal Court those parties about whom investigation was requested during the period when the alleged crimes occurred.
Two members of the Bar who had represented clients who were victims of the alleged criminal misconduct had also requested investigation. They stated that evidence contained in certain public court files was sufficient to make out a prima facie case of criminal misconduct.
The Agent of the Crime Commission further expressed to the Court his concern that the cases would become stale and not be prosecuted. He stated that he had made a request to the April 1975 Special Grand Jury that the matters be investigated. He was informed that the matters would have to be considered by a subsequent grand jury. He then requested the Court that the matters immediately become investigated due to the considerable time which had passed since the District Attorney’s office had been informed of the cases, a period of almost two years. He informed the Court that his dealings with the District Attorney’s office indicated that the cases were either wilfully or neglectfully not being investigated.
Section 19-23-11 of the Mississippi Code of 1972 provides in its pertinent parts that “it shall be the duty of the County Prosecuting Attorney to represent the state in all matters coming before the grand jury of his county.” Section 25-31 — 13 of the Mississippi Code of 1972 makes it the duty of the district attorney to attend the deliberations of the grand jury “whenever he may be required by the grand jury.” In construing the above provisions the Court notes that the duty of the county attorney to attend the grand jury is prescribed by the mandatory term “shall” while the presence of the district attorney is necessary only “if required.”
The Court, in view of a possible conflict of interest due to prior representation of persons to be investigated by the grand jury, and further considering the alleged neglect or the failure to prosecute, requested the County Attorney to attend the grand jury. He agreed to do so.
Since the conduct of the district attorney’s office was being considered by the grand jury, it was necessary for the Court to bar the district attorney and his assistants from the grand jury room during the consideration of those matters. No person who is being investigated by a grand jury has a right to appear before it unless the grand jury requests it. The county attorney informed the grand jury that they had the right to request the presence of the district attorney or his associates, despite the Court’s order.
The portion of the Court’s charge which dealt with these matters is as follows:
“It is a violation of the law for any public official or private citizen to attempt to influence you not to investigate any matter which reasonably appears to merit investigation. The citizens who have requested that you investigate certain matters have represented to the Court that the district attorney has for a considerable period of time failed and refused to prosecute and investigate these matters. If, as a result of your investigation, you determine that indictments should be returned, and you further determine that the district attorney has actively delayed investigation of these matters, you may apply to the Court for further instructions as to the applicable law.
*97 It is of prime importance to note that the Court has not accused the district attorney or any of his assistants of any violation of the law in the above charge. It merely informed the grand jury that matters have been brought to the Court’s attention which may merit investigation should they find indictments in the alleged delayed cases. No charge of wrongdoing was made as coming from this Court, and no such inference can reasonably be drawn from the language of the court.
Nowhere in the Court’s charge was there a reference to a particular case or persons involved in alleged criminal activity. The Court has not and will not at this time express any opinion as to the diligence of the district attorney’s office in any of the cases considered by the grand jury.
Section 13-5-47 of the Mississippi Code of 1972 requires that the Court charge the grand jury concerning its duties and expound the law to it. That same section requires the Court to instruct the grand jury concerning the laws defining the duties of public officers. The Court has, therefore, in accordance with the law, submitted a matter to the grand jury for their consideration and charged them as to the law. In doing so, I again reiterate the Court expressed no position as to the truth or falsity of the allegations made.
The matter was, therefore, one solely for the grand jury’s determination. The Court has further diligently considered the grand jury’s final report, a copy of which is attached hereto as Exhibit “C”. The Court can find nothing within the terms of this report which in any way makes any determination that the district attorney’s office is guilty of any misconduct. The Court believes that this fact distinguishes those cases cited by the district attorney in support of their petition to expunge.
Petitioners have further complained that the Court allowed its supplemental charge to the grand jury to be released to the news media. Grand jury charges are delivered in open court and of necessity are public information. Since grand juries have been charged by the Court, these charges have been public information. This contention is therefore without merit.
In the light of the facts revealed by the opinion of the trial judge, which are to be accorded verity, I am unable to say that the trial judge abused his discretion or to see how the district attorney was prejudiced by the remarks of the trial court. The grand jury did not indict him, or criticize him in its report. It in effect exonerated him of any inference of wrongdoing, and this Court should refrain from delving into a question that is now moot.
Insofar as the order barring the district attorney and his assistants from the grand jury room is concerned, the record reveals that while the grand jury was in session it was informed that if it was their desire to have the assistance of the district attorney, the order barring him from the grand jury room would be modified. The powers and duties of the district attorney with reference to the grand jury rise no higher than advising the grand jury on matters of law. The district attorney is not allowed to be present during deliberations of the grand jury and cannot attempt to influence them in their consideration of indictments except to give advice as to matters of law. In fact, he has no duty in regard to the grand jury unless requested by the grand jury. See Section 25-31-13, Mississippi Code 1972 Annotated.
Furthermore, the order barring the district attorney from the grand jury room expired when the grand jury adjourned and is now a moot question. But it certainly could reasonably be said that the circuit judge was justified in restricting the district attorney and his staff from the grand jury room. Surely, this Court does not intend to hold that the circuit judge does not have the power to bar the district attorney or any other official from the grand jury room when such person’s official conduct is subject to an investigation by the grand jury. One would think that when a district *98 attorney knows that his official conduct may be the subject of an investigation by a grand jury, he would request the court to relieve him of his duty to advise the grand jury during such investigation. It is unfortunate that this Court has allowed itself to be injected into the controversy, but since it has, I would dispose of this case by simply holding that this Court will not and should not attempt to supervise the discretion of a circuit judge in charging a grand jury or his control over the grand jury and we will only review such actions when the person complaining has been indicted as a result of his actions in that regard.
SUGG, J., joins in this dissent.